Honorable _____

___ FILED       ___ ENTERED
___ LODGED      ___ RECEIVED

JUL 21 2009   JS

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

WIDEVINE TECHNOLOGIES, INC.,

    Plaintiff,

v.

VERIMATRIX, INC.,

    Defendant.

Case No. MS09 114 JLR

**ATTORNEY JAMIE L. WIEGAND'S MOTION TO QUASH THIRD-PARTY SUBPOENA**

Case No. 2:07cv00321 TJW/CE (E.D. Tex.)

**Note on Motion Calendar:**
**July 30, 2009**

Jamie L. Wiegand, by and through undersigned counsel, respectfully moves to quash a third-party subpoena for deposition testimony from Verimatrix, Inc. ("Verimatrix") pursuant to Federal Rule of Civil Procedure 45. This subpoena is presumptively unreasonable as it seeks to depose Mr. Wiegand, an attorney, concerning issues in ongoing litigation between the underlying parties. His testimony is not relevant to issues of claim construction, and Verimatrix has not asserted any theories of inequitable conduct.

I.    **FACTUAL BACKGROUND**

This motion relates to a pending case for patent infringement before the Hon. T. John Ward of the Eastern District of Texas, *Widevine Technologies, Inc. v. Verimatrix, Inc.*,

---

ATTORNEY JAMIE WIEGAND'S MOTION
TO QUASH THIRD PARTY SUBPOENA  - 1 -
Case No. _____

DARBY & DARBY P.C.
1191 SECOND AVENUE
SEATTLE, WASHINGTON 98101
TELEPHONE: 206.262.8900

Civ. No. 2:07-00321 TJW/CE. Plaintiff Widevine Technologies, Inc. ("Widevine") is a company that is located in downtown Seattle. It was formed in 1999 to develop methods for encryption and delivery of digital video, and it launched its first product in 2000.

Widevine filed the underlying action on August 1, 2007. Widevine alleges that Verimatrix infringes two patents that generally relate to encryption of digital video, namely U.S. Patent Nos. 7,165,175 and 7,376,831 ("the '175 patent" and "the '831 patent," respectively). *See* Ex. 1.[1] Defendant Verimatrix has counterclaimed for declaratory judgments of noninfringement and invalidity, but has not asserted any affirmative defenses or counterclaims of inequitable conduct. *See* Ex. 2. The case is mid-way through discovery, with a trial set for February 1, 2010. The parties are currently preparing their claim construction briefs (due this month and next), leading up to a claim construction hearing set for October 7, 2009.

Mr. Wiegand is an attorney who is admitted to practice in Washington and is also a registered patent attorney before the Patent Office. He is Senior Counsel with the law firm of Darby & Darby P.C. in Seattle. Mr. Wiegand was the lead patent attorney during prosecution of the two patents-in-suit from 2003 to 2008, when the second patent issued.

Mr. Wiegand is continuing to represent Widevine in ongoing matters concerning these patents and related foreign patents. First, Mr. Wiegand is representing Widevine today as patent counsel concerning *inter partes* reexamination proceedings between Widevine and Verimatrix before the Patent Office. After Widevine filed suit, Verimatrix filed petitions for reexamination in which it is seeking to have the two patents-in-suit declared invalid. Those proceedings are currently running in parallel with the litigation,

---

[1] All exhibits are to the Declaration of Robert L. Jacobson, submitted herewith.

ATTORNEY JAMIE WIEGAND'S MOTION
TO QUASH THIRD PARTY SUBPOENA     - 2 -
Case No. _____

DARBY & DARBY P.C.
1191 SECOND AVENUE
SEATTLE, WASHINGTON 98101
TELEPHONE: 206.262.8900

they involve the same parties, and they involve the same issues concerning alleged invalidity. Second, Mr. Wiegand is continuing to represent Widevine concerning related foreign patent applications, including patent opposition proceedings before the European Patent Office (which are roughly equivalent to reexamination proceedings).

On June 4, Verimatrix served a subpoena on Mr. Wiegand that commanded his appearance for a deposition on July 8, 2009. *See* Ex. 3. Mr. Wiegand served timely objections.[2] *See* Ex. 4. In a telephone conference about four weeks ago, undersigned counsel reiterated Mr. Wiegand's objections, and opposing counsel agreed that the deposition would not take place on July 8, 2009. However, opposing counsel purported to reserve the right to depose him at some other date.

Opposing counsel then sent a letter on July 1, 2009 demanding that Mr. Wiegand either be produced for a deposition or that he bring a motion to quash. *See* Ex. 5. Undersigned counsel responded by noting that such a deposition was presumptively unreasonable given Mr. Wiegand's status as an attorney in these same matters, and that Verimatrix had not explained how such testimony was admissible for any issue in the underlying litigation. *See* Ex. 6.

The parties then met and conferred a second time on July 2, 2009 without reaching agreement. Opposing counsel asserted that they intend to depose Mr. Wiegand to explore potential issues concerning claim construction or inequitable conduct, even though his

---

[2] Verimatrix also made an accompanying request for a broad production of documents that would include essentially *all documents* concerning the patents or the ongoing litigation. This was identical to an earlier subpoena served on Darby & Darby P.C. Darby & Darby and Mr. Wiegand both served timely objections to those requests. Mr. Wiegand does not personally have custody or control over any responsive documents in his individual capacity. All responsive documents are within the custody and control of Darby & Darby as a firm. Darby & Darby is in the process of finishing its production of responsive documents (subject to its objections) and preparing a privilege log.

ATTORNEY JAMIE WIEGAND'S MOTION
TO QUASH THIRD PARTY SUBPOENA    - 3 -
Case No. _____

DARBY & DARBY P.C.
1191 SECOND AVENUE
SEATTLE, WASHINGTON 98101
TELEPHONE: 206.262.8900

subjective testimony has no relevance to claim construction and Verimatrix has never asserted any counterclaims of inequitable conduct. Undersigned counsel asked opposing counsel to articulate their potential theory of inequitable conduct, but they have not done so.

## II.  STANDARD OF LAW

This motion is governed by Federal Rule of Civil Procedure 45. Under Rule 45(c), a party issuing a subpoena "must take reasonable steps to avoid imposing an undue burden or expense on the party subject to the subpoena." A court may quash a subpoena for the reasons stated in Rule 45(c)(3), such as when the subpoena subjects the third party to an undue burden or when the subpoena requires disclosure of privileged or other protected matters.

Subpoenas on attorneys are presumptively unreasonable, particularly when they are directed towards the subject matter of ongoing litigation (as here). As this Court has frequently recognized, such depositions are highly disfavored:

> Taking the deposition of opposing counsel not only disrupts the adversarial system and lowers the standards of the profession, but it also adds to the already burdensome time and costs of litigation. It is not hard to imagine additional pretrial delays to resolve, work-product and attorney-client objections, as well as delays to resolve collateral issues raised by the attorney's testimony. Finally, the practice of deposing opposing counsel detracts from the quality of client representation. Counsel should be free to devote his or her time and efforts to preparing the client's case without fear of being interrogated by his or her opponent. Moreover, the "chilling effect" that such practice will have on the truthful communications from the client to the attorney is obvious.

*DiLorenzo v. Costco Wholesale Corp.*, 243 F.R.D. 413, 414-15 (W.D. Wash. 2007) (quoting *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986)). This Court has "uniformly followed" the standards set forth in *Shelton*. *Id.* at 415; *see also FMC Techs.,*

ATTORNEY JAMIE WIEGAND'S MOTION
TO QUASH THIRD PARTY SUBPOENA    - 4 -
Case No. _____

DARBY & DARBY P.C.
1191 SECOND AVENUE
SEATTLE, WASHINGTON 98101
TELEPHONE: 206.262.8900

*Inc. v. Edwards*, 2007 U.S. Dist. LEXIS 18328, *7-8 (W.D. Wash. Mar. 15, 2007) (agreeing that *Shelton* is "generally regarded as the leading case on attorney depositions").

Under those standards, Verimatrix has the affirmative burden of justifying why its asserted need to depose Mr. Wiegand strongly outweighs the disruptive and prejudicial effect of such a deposition:

> The three-part test set out in *Shelton* places the burden on the party seeking the deposition to show that (1) no other means exist to obtain the information than to depose opposing counsel, (2) the, information sought is relevant and nonprivileged, and (3) the information is crucial to the preparation of the case.

*DiLorenzo*, 243 F.R.D. at 415 (citing *Shelton*, 805 F.2d at 1327).

This Court has frequently barred depositions where the party seeking the deposition failed to establish each of these strict factors. *See, e.g., Coudriet v. Int'l Longshore & Warehouse Union Local 23*, 2008 U.S. Dist. LEXIS 71659, *9 (W.D. Wash. May 29, 2008) (granting protective order where the attorney "enjoys the presumption against compelled testimony because the information sought is privileged," compelling testimony would subject the attorney and client "to harassment and undue burden, including possible recusal of counsel and the need for [client] to obtain substitute counsel," and "the danger of unfair prejudice substantially outweighs any probative value of [the attorney's] testimony"); *FMC Techs.*, 2007 U.S. Dist. LEXIS 18328, *14 (granting motion to quash attorney deposition where "a deposition is not crucial to their defense, helpful though it may be."); *Lloyd Lifestyle Ltd. v. Soaring Helmet Corp.*, 2006 U.S. Dist. LEXIS 16539, at *4-8 (W.D. Wash. March 23, 2006) (granting motion to quash attorney deposition relating to trademark opposition proceedings).

ATTORNEY JAMIE WIEGAND'S MOTION
TO QUASH THIRD PARTY SUBPOENA   - 5 -
Case No. _____

DARBY & DARBY P.C.
1191 SECOND AVENUE
SEATTLE, WASHINGTON 98101
TELEPHONE: 206.262.8900

## III. ARGUMENT

Mr. Wiegand's testimony is not relevant for any issue in the underlying litigation. Mr. Wiegand's subjective testimony about what he remembers or what he was thinking during prosecution is not relevant to the *legal question* of how terms should be construed for claim construction. Moreover, Verimatrix has not asserted any counterclaims of inequitable conduct or even sought leave of the district court to do so, and the time to amend pleadings has long since passed. Accordingly, the deposition request should be quashed for the reasons stated in *ResQnet.com, Inc. v. Lansa, Inc.*, 2004 U.S. Dist. LEXIS 13579 (S.D.N.Y. July 21, 2004) and *Probert v. Clorox Co.*, 2009 U.S. Dist. LEXIS 32223, *14-22 (D. Utah Apr. 15, 2009), both of which quashed depositions of patent counsel under similar circumstances, where the testimony was not relevant to claim construction and there were no issues of inequitable conduct in the case.

### A. Mr. Wiegand's Subjective Testimony is Not Relevant to Claim Construction

Verimatrix appears to contend that it is entitled to take Mr. Wiegand's deposition to obtain his opinions about how various terms should be construed. This is without merit.

Claim construction is a question of law. It is an objective test that is determined from the perspective of how the hypothetical "person of ordinary skill in the art" would interpret those terms in light of the relevant evidence. This analysis begins with a review of the language of the claims. If any terms are ambiguous, then they should be construed based on an analysis of the patent specification, the prosecution file history, and any relevant extrinsic evidence, in decreasing importance. *See Phillips v. AWH Corp.*, 415 F.3d 1303, 1311-19 (Fed. Cir. 2005) (en banc).

ATTORNEY JAMIE WIEGAND'S MOTION
TO QUASH THIRD PARTY SUBPOENA      - 6 -
Case No. _____

DARBY & DARBY P.C.
1191 SECOND AVENUE
SEATTLE, WASHINGTON 98101
TELEPHONE: 206.262.8900

In particular, the file history consists of the official written communications between the patentee and the examiner on a contemporaneous basis during prosecution of a patent. *See id.* at 1317 ("The prosecution history, which we have designated as part of the 'intrinsic evidence,' consists of the complete record of the proceedings before the PTO and includes the prior art cited during the examination of the patent."). The hypothetical person of ordinary skill in the art would consult these written communications to determine whether the patentee or examiner used a term in a particular manner during prosecution. Accordingly, the written file history may shed light on how certain terms should be construed, but "often lacks the clarity of the specification and thus is less useful for claim construction purposes." *Id.*

A court may also consider extrinsic evidence. This consists of "all evidence external to the patent and prosecution history, including expert and inventor testimony, dictionaries, and learned treatises." *Phillips*, 415 F.3d at 1317. Even under the best of circumstances, however, extrinsic evidence is less reliable than intrinsic evidence and "is unlikely to result in a reliable interpretation of patent claim scope unless considered in the context of the intrinsic evidence." *Phillips*, 415 F.3d at 1319.

The Federal Circuit has repeatedly warned that testimony from inventors or their advocates has essentially zero weight for claim construction or other legal issues concerning infringement or validity:

> The testimony of an inventor and his attorney concerning claim construction is thus entitled to little or no consideration. The testimony of an inventor often is a self-serving, after-the-fact attempt to state what should have been part of his or her patent application; the testimony of an attorney "amounts to no more than legal opinion-- it is precisely the process of construction that the court must undertake."

ATTORNEY JAMIE WIEGAND'S MOTION
TO QUASH THIRD PARTY SUBPOENA        - 7 -
Case No. _____

DARBY & DARBY P.C.
1191 SECOND AVENUE
SEATTLE, WASHINGTON 98101
TELEPHONE: 206.262.8900

*Bell & Howell Document Mgmt. Prods. Co. v. Altek Sys.*, 132 F.3d 701, 706 (Fed. Cir. 1997) (quoting *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 983 (Fed. Cir. 1995) (en banc), *aff'd*, 517 U.S. 370 (1996)). *See also Sundance, Inc. v. Demonte Fabricating Ltd.*, 550 F.3d 1356, 1368 (Fed. Cir. 2008) (affirming exclusion of testimony from a patent attorney concerning issues of obviousness and holding that "it is an abuse of discretion to permit a witness to testify as an expert on the issues of noninfringement or invalidity unless that witness is qualified as an expert in the pertinent art"); *Howmedica Osteonics Corp. v. Wright Med. Tech., Inc.*, 540 F.3d 1337, 1347 (Fed. Cir. 2008) ("We hold that inventor testimony as to the inventor's subjective intent is irrelevant to the issue of claim construction."); *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 15884 (Fed. Cir. 1996) (noting that the "the inventor's subjective intent as to claim scope" is irrelevant).

In this case, Verimatrix appears to be intending to ask Mr. Wiegand questions along the lines of "what did you mean when you wrote that statement?" or "what does this particular claim term mean to you?" However, Mr. Wiegand's mental impressions or his personal beliefs about how certain words should be interpreted are entitled to no weight in the legal analysis of claim construction. *Bell & Howell*, 132 F.3d at 706. The relevant prosecution history comprises the written communications between Mr. Wiegand and the examiner during prosecution, not Mr. Wiegand's recollection today about what he *subjectively intended* by a particular statement years ago (assuming that he could even remember). In other words, the hypothetical person of ordinary skill in the art would not interpret claims by calling Mr. Wiegand and asking him what he meant by those communications or how he subjectively interpreted those terms, but rather by considering the *objective evidence* of the claims, the specification, the written prosecution history, and

ATTORNEY JAMIE WIEGAND'S MOTION
TO QUASH THIRD PARTY SUBPOENA    - 8 -
Case No. _____

DARBY & DARBY P.C.
1191 SECOND AVENUE
SEATTLE, WASHINGTON 98101
TELEPHONE: 206.262.8900

1  any relevant extrinsic evidence under the standards of *Phillips v. AWH*. Widevine produced

2  the certified file histories to Verimatrix more than one year ago, and his communications

3  with the examiner speak for themselves. His subjective interpretation of those comments

4  today has no relevance about how particular claim terms should be construed.

5        Verimatrix appears to hope to obtain statements from Mr. Wiegand to use as

6  purported admissions against interest. However, such testimony is equally unreliable and

7  irrelevant whether it is being offered by the patentee or the defendant for purposes of claim

8  construction. The Federal Circuit expressly "reject[ed] this distinction" in the recent

9  *Howmedica Osteonics* opinion. *See Howmedica Osteonics*, 540 F.3d at 1346; *see also*

10 *Cordis Corp. v. Boston Sci. Corp.*, 561 F.3d 1319, 1338 (Fed. Cir. 2009) (affirming

11 exclusion of inventor's deposition testimony that defendant hoped to use against interest for

12 arguments concerning claim construction and noninfringement).

13       For the avoidance of doubt, Widevine will not be introducing any testimony from

14 Mr. Wiegand for any purpose concerning claim construction. Consequently, this is not a

15 situation where Verimatrix would be entitled to depose Mr. Wiegand as a factual witness as

16 a matter of fairness in discovery.

17       Accordingly, Verimatrix's attempt to take Mr. Wiegand's deposition for claim

18 construction purposes fails every factor of the *Shelton* test cited above. First, this is not a

19 situation were "no other means exist" to obtain the necessary information. Verimatrix may

20 offer any *relevant evidence* concerning claim construction based on the specification, the

21 written prosecution history, and relevant extrinsic evidence. In particular, Verimatrix has

22 stated that it intends to offer extrinsic evidence in the form of dictionary definitions and

23

24

ATTORNEY JAMIE WIEGAND'S MOTION
TO QUASH THIRD PARTY SUBPOENA    - 9 -
Case No. _____

DARBY & DARBY P.C.
1191 SECOND AVENUE
SEATTLE, WASHINGTON 98101
TELEPHONE: 206.262.8900

testimony from a technical expert, Mr. Anthony Wechselberger, the type of evidence that is typically admissible for claim construction.

Second, such testimony is not relevant, but remains highly privileged. Verimatrix is seeking to go on a fishing expedition about Mr. Wiegand's legal strategy and thought processes while representing a client during the earlier patent prosecutions, the ongoing reexamination proceedings between the parties, and the ongoing opposition proceedings in Europe. That information is privileged. *See In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800, 805-06 (Fed. Cir. 2000) (holding that technical disclosures from inventors to patent counsel are privileged). Widevine has not waived privilege.

Third, this information is not "crucial to the preparation of the case." By definition, evidence that is entitled to "little or no consideration" at best in the claim construction analysis can hardly be "crucial." *Bell & Howell Document Mgmt. Prods.*, 132 F.3d at 706. Even if Mr. Wiegand's testimony had some trivial probative value, it would not be so critical that it warrants the highly irregular and prejudicial step of compelling an attorney to testify against the potential interest of his own client.

Other courts have quashed similar depositions of patent counsel as irrelevant and highly prejudicial under similar circumstances. In *ResQnet.com*, for example, the district court agreed that such testimony was wholly irrelevant and improper under the *Shelton* factors. "The prosecution histories speak for themselves, and the relevant inquiry in terms of prior art and claim construction is how one of ordinary skill in the art would interpret and understand those prosecution histories, not what ResQNet's litigation [and patent prosecution] counsel thinks about them." *ResQnet.com*, 2004 U.S. Dist. LEXIS 13579, at *13; *see also Probert v. Clorox Co.*, 2009 U.S. Dist. LEXIS 32223, at *14-22 (granting

ATTORNEY JAMIE WIEGAND'S MOTION
TO QUASH THIRD PARTY SUBPOENA         - 10 -
Case No. _____

DARBY & DARBY P.C.
1191 SECOND AVENUE
SEATTLE, WASHINGTON 98101
TELEPHONE: 206.262.8900

protective order to preclude deposition of patent attorney concerning invention disclosures and disclosures to third parties). Likewise, in the analogous case in *Lloyd Lifestyle*, this Court granted a motion to quash a deposition of trademark prosecution counsel concerning statements that the prosecution attorney made to the Trademark Office. *Lloyd Lifestyle*, 2006 U.S. Dist. LEXIS 16539 at *3-8. The present subpoena should be quashed for the same reasons.

### B. Verimatrix Has Not Asserted An Affirmative Defense of Inequitable Conduct

Verimatrix has never asserted any theories of inequitable conduct in the underlying case. Discovery is only permitted for issues that are relevant to any claims or defenses in litigation. *See* Fed. R. Civ. P. 26(b)(1). There are currently no claims or defenses of inequitable conduct in the case, so there is no basis for deposing Mr. Wiegand on that basis. *See ResQnet.com*, 2004 U.S. Dist. LEXIS 13579, at *9-10 (granting motion to quash deposition where an inequitable conduct defense "has not been explicitly asserted in this action" and the defendant "is not entitled to depose [patent counsel] on issues that have not been pled").

In the telephone conference on July 2, opposing counsel indicated that they were considering whether to assert some indistinct theory of inequitable conduct, and that they wished to take Mr. Wiegand's deposition before doing so. However, the parties are now well past the cutoff of October 1, 2008 in the Case Management Order for amending pleadings, so Verimatrix would be required to obtain leave from Judge Ward before it could even consider asserting such a theory. *See* Ex. 7.

Inequitable conduct is an affirmative defense that must be pleaded with particularity under Federal Rule of Civil Procedure 9(b). *See Cent. Admixture Pharm. Servs. v.*

ATTORNEY JAMIE WIEGAND'S MOTION
TO QUASH THIRD PARTY SUBPOENA   - 11 -
Case No. _____

DARBY & DARBY P.C.
1191 SECOND AVENUE
SEATTLE, WASHINGTON 98101
TELEPHONE: 206.262.8900

1  *Advanced Cardiac Solutions, P.C.*, 482 F.3d 1347, 1356 (Fed. Cir. 2007); *see also*
2  *Teragren, LLC v. Smith & Fong Co.*, 2008 U.S. Dist. LEXIS 36968, at *4-6 (W.D. Wash.
3  Mar. 17, 2008). If Verimatrix has a good-faith factual and legal basis for asserting such a
4  theory consistent with Rule 9(b), then it should bring an appropriate motion before Judge
5  Ward to amend its pleadings, and Widevine will respond accordingly. If the Court grants
6  leave to amend, then Verimatrix can serve another subpoena at that time.[3]
7  However, absent leave of Court to assert such a theory, Verimatrix cannot take a
8  deposition of an attorney merely to go on a fishing expedition in the hope of *finding factual*
9  *support* for such a misguided theory, particularly given the heightened pleading standards
10 under Rule 9(b). See *ResQnet.com*, 2004 U.S. Dist. LEXIS 13579, at *12 n.2 (as defendant
11 had not yet amended its pleadings to assert inequitable conduct, "the possibility that it may
12 do so at some later date has no bearing on the instant motion"). Accordingly, the present
13 subpoena should be quashed.

### IV. CONCLUSION

For the foregoing reasons, the subpoena compelling deposition testimony from Mr. Wiegand should be quashed.

---

[3] Widevine asked Verimatrix to articulate the factual and legal basis for this theory. Opposing counsel have not yet done so, but any such theory would be frivolous. Mr. Wiegand's conduct has been above reproach.

ATTORNEY JAMIE WIEGAND'S MOTION
TO QUASH THIRD PARTY SUBPOENA        - 12 -
Case No. _____

DARBY & DARBY P.C.
1191 SECOND AVENUE
SEATTLE, WASHINGTON 98101
TELEPHONE: 206.262.8900

| | |
|---|---|
| Dated: July 21, 2009 | By: _/s/_<br>David K. Tellekson, WSBA No. 33523<br>Robert L. Jacobson, WSBA No. 30838<br>Mark P. Walters, WSBA No. 30819<br>Michael K. Kirschner, WSBA No. 28149<br>DARBY & DARBY, P.C.<br>1191 Second Avenue<br>Seattle, Washington 98101<br>Telephone: (206) 262-8900<br>Facsimile: (206) 262-8901<br>Email: dtellekson@darbylaw.com<br><br>Matthew D. Orwig<br>Texas State Bar No. 15325300<br>Mark C. Nelson<br>Texas State Bar No. 00794361<br>SONNENSCHEIN NATH & ROSENTHAL LLP<br>2000 McKinney Avenue, Ste. 1900<br>Dallas, Texas 75201<br>Telephone: (214) 259-0990<br>Facsimile: (214) 259-0910<br>Email: morwig@sonnenschein.com<br>         mcnelson@sonnenschein.com<br><br>*Attorneys for Jamie Wiegand* |

ATTORNEY JAMIE WIEGAND'S MOTION
TO QUASH THIRD PARTY SUBPOENA    - 13 -
Case No. _____

DARBY & DARBY P.C.
1191 SECOND AVENUE
SEATTLE, WASHINGTON 98101
TELEPHONE: 206.262.8900

# CERTIFICATE OF SERVICE

I, Lawrence A. Gallwas, hereby certify that on July 21, 2009, I caused the foregoing **ATTORNEY JAMIE WIEGAND'S MOTION TO QUASH THIRD PARTY SUBPOENA** to be served on the following parties as indicated below:

| | |
|---|---|
| **Wayne O. Stacy**<br>**Sarah J. Guske**<br>**Ann Marie Byers**<br>Cooley Godward Kronish LLP<br>380 Interlocken Crescent, Suite 900<br>Broomfield, CO  80021<br><br>*Attorneys for Defendant Verimatrix, Inc.* | [X] By United States Mail<br>[ ] By Legal Messenger<br>[ ] By Electronic CM/ECF<br>[ ] By Overnight Express Mail<br>[ ] By Facsimile<br>[X] By Email [by agreement of counsel]<br>  wstacy@cooley.com<br>  sguske@cooley.com<br>  abyers@cooley.com |
| **Michael Charles Smith**<br>Siebman, Reynolds, Burg, Phillips & Smith, LLP<br>713 South Washington Avenue<br>PO Box 1556<br>Marshall, TX 75671<br><br>*Attorneys for Defendant Verimatrix, Inc.* | [ ] By United States Mail<br>[ ] By Legal Messenger<br>[ ] By Electronic CM/ECF<br>[ ] By Overnight Express Mail<br>[ ] By Facsimile<br>[X] By Email [by agreement of counsel]<br>  michaelsmith@siebman.com |

DATED: July 21, 2009

*/s/ Lawrence A. Gallwas*
For David K. Tellekson, WSBA No. 33523
Robert L. Jacobson, WSBA No. 30838
Mark P. Walters, WSBA No. 30819
Michael K. Kirschner, WSBA No. 28149
DARBY & DARBY P.C.

ATTORNEY JAMIE WIEGAND'S MOTION
TO QUASH THIRD PARTY SUBPOENA       - 14 -
Case No. ____

**DARBY & DARBY P.C.**
1191 Second Avenue
Seattle, Washington 98101
Telephone: 206.262.8900